Barnard, P. J.
The question presented is, whether the judgment is° rendered in accordance with the rule laid down by the court of appeals upon former appeals herein. A large part of it is admitted to be so made out.
A judgment cannot be rendered for a general balance of awards over assessments, upon the aggregate of the lands taken from an owner. A reduction of an award by- an assessment, must be when both relate to the same lot.
Within this rule the judgment is right in respect to the award given for 1666 A at $1,421, and reduced by assessments on 1666 and 1666 A. The entire piece was single, running across and including Degrow street. The part on the north of Degrow street is designated 1666, and that south as 1666 A. The pieces are nearly equal on each side of Degrow street, and are assessed nearly equally.
The award is made for 1666 A, and, doubtless, includes 1666, for otherwise no award is made for that.
The same facts exist in respect to award for 557 A. The land taken in one piece runs across this street, and is about equally divided by Union street. The assessments are separate, but the award is all entered as for 557 A, which is that part of the lot south of Union street. The award was confused, and if there is any error in it, it is that it should be made up of two amounts, one for the land south, of the small street intersecting the parts into which it is cut by the streets respectively.
The fault is in the award, and the plaintiff sues for that. Such an error would be made of no weight after confirmation. If objection had been made, it would have been easy to send back the report for a separate award upon the separate pieces.
The confirmation, in the absence of an objection, was binding like any other judgment. Dolon v. Mayor, etc., 3 East., 735. Opinion by Judge Finch.
There is no force in the objection that the assessments are illegal, because no awards were made for the lands in- *583 "eluded in Degrow street. It was all included under 1666 A. The assessments do not fall under section 20 of title 18 of the charter of 1873. The improvement was made under chapter 592, Laws of 1873, and no land was required to be taken under it. There is no residue.
The judgment should, therefore, be affirmed, with costs.
Dykman and Cullen, JJ., concur.